## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| National Archives and Record Administration | ) | |
| 8601 Adelphi Road | ) | |
| College Park, MD 20740-6001, | ) | |
| | ) | |
| Carlos Del Toro, | ) | |
| *in his official capacity only, as* | ) | |
| Secretary of the Navy | ) | |
| Department of the Navy | ) | |
| 1000 Navy Pentagon | ) | |
| Washington, DC 20350-1000, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff John Doe (hereinafter "Plaintiff") brings this action against Defendant National Archives and Records Administration (hereinafter "NARA") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq. Plaintiff further asks the Court to hold that Defendant Secretary of the Navy, through the Board for Correction of Naval Records ("BCNR"), has, in a manner arbitrary, capricious, and unsupported by evidence, denied Plaintiff's reconsideration of his application to correct his military record, and that such denial is unlawful under the Administrative Procedure Act ("APA"). As grounds therefore, Plaintiff alleges:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g), 28 U.S.C. §1331, and 5 U.S.C. § 704.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 703.

## PARTIES

3.      Plaintiff was an active-duty service member in the United States Navy from 1987-1989.

4.      Defendant, National Archives and Records Administration, is an agency within the meaning of 5 U.S.C. § 552(f) that is in possession and/or control of the records requested by Plaintiff that are the subject of this action.

5.      Defendant, Carlos Del Toro, is the U.S. Secretary of the Navy and is named in his official capacity only as the head of the Department of Navy ("DON").

## STATEMENT OF FACTS

6.      Plaintiff, while in the Navy, was physically assaulted by other sailors. Following this assault, Plaintiff sought treatment at Naval Hospital Bremerton, Washington. After his stay at the hospital, plaintiff was sexually assaulted by another male Sailor and was subsequently approached by other men in a sexual manner during his service. Inevitably, these instances caused Plaintiff to suffer symptoms of Military Sexual Trauma Post-Traumatic Stress Disorder (MST/PTSD). Though not diagnosed with this particular disorder—as it was largely unrecognized and disregarded at the time—Plaintiff did seek medical treatment for the related symptoms.

7.     Plaintiff also reported the instance of sexual assault and unwelcomed attention to the local Chaplain; the Chaplain interpreted this as Plaintiff being homosexual and reported it to the command. This caused a breakdown in Plaintiffs' trust in the command, and he subsequently left the service, and entered a period of Unauthorized Absence.

8.     In April of 1989, Plaintiff's command initiated involuntary separation of Plaintiff based, in part, on the report that Plaintiff was homosexual/engaged in homosexual acts. He was subsequently discharged, in absentia, with an Other than Honorable characterization of service in May of 1989.

9.     Since leaving the Navy, Plaintiff has sought mental health treatment for the trauma he experienced while in service and has been clinically diagnosed with PTSD for the male-on-male sexual trauma.

10.     Plaintiff, through undersigned counsel, filed a petition to upgrade Plaintiff's discharge with the BCNR on June 18, 2019. He argued that the circumstances surrounding his discharge—namely, the basis of homosexuality—was not only untrue, but that his behavior at the time stemmed from the MST/PTSD symptoms he was experiencing. Though Plaintiff provided parts of his service record in support of his petition, he did not include medical records from Bremerton. He did, however, provide a detailed analysis by his current mental health provider that explained the symptoms of MST/PTSD and how they likely contributed to his untimely discharge.

11.     Upon review of these documents, an Advisory Opinion was issued by a licensed Psychiatrist, in which she opined there "there is *sufficient indirect evidence* that Petitioner exhibited behaviors associated with victims of MST, as well as early symptoms of PTSD,

3

incurred during his military service," and that this MST/PTSD "partially mitigated" his misconduct.

12.     Notwithstanding the Advisory Opinion's findings of sufficient indirect evidence of MST/PTSD (likely in the form of his current provider's memorandum) and the possibility of it contributing to the misconduct—and the fact that the BCNR usually defaults to the Advisory Opinion's findings in making its final decision—the BCNR denied the petition on the basis of a lack of direct evidence of MST/PTSD (*i.e.*, military medical records—the very same he is awaiting from Defendant NARA).

13.     This denial was received by Plaintiff in January 2021. On February 19, 2021, Plaintiff, through counsel, submitted a request for all service medical records, and more specifically the records from Naval Hospital Bremerton, Washington in June – July 1988. As indicated by the certified mail receipt returned to undersigned counsel, Defendant NARA received the request on or about May 6, 2021.

14.     As of the date of this complaint, Defendant NARA has failed to: (i) make any determination regarding Plaintiff's request; (ii) notify Plaintiff of such determination and the reasons therefor; or (iii) advise Plaintiff of the right to seek judicial review should the adverse determination be upheld.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Unlawful Withholding of Non-Exempt Documents

15.     Plaintiff incorporates paragraphs 1 – 14 as if fully stated herein.

16.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), NARA is required to make the determinations listed in ¶14 within 20 working days of receipt of the request.

17.    Nearly one year and five months later, Defendant has failed to make these determinations.

18.    Defendant NARA is unlawfully withholding records requested by Plaintiff in violation of 5 U.S.C. § 552(a)(3) by, *inter alia*, seeking to withhold information without making a reasonable effort to make the records promptly available to Plaintiff and without providing any rational justification for failure to comply with the requirement.

19.    Because Defendant has failed to comply with the regulations set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT II

### Violation of APA
### The BCNR Decision was Arbitrary, Capricious, and Unsupported by Evidence Because it Failed to Properly Consider the Advisory Opinion's Recommendation.

20.    Plaintiff incorporates paragraphs 1-14 as fully stated herein.

21.    The BCNR's determination that there was insufficient evidence to establish that Plaintiff's misconduct was caused by PTSD/MST or PTSD/MST-related symptoms was arbitrary, capricious, and unsupported by evidence. A Board's decision is arbitrary, capricious, and unsupported by evidence if it fails to consider an important aspect of the problem, fails to consider all competent evidence before it, and fails to correct a blatant injustice.

22.    Plaintiff included with his petition a memorandum from his Clinical Psychologist detailing the reported psychological distress he endured from the sexual trauma, simultaneous with the time of his involuntary separation.

23.    The Navy, in turn, had a licensed Psychiatrist review the memorandum, in conjunction with Plaintiff's records, and issue an Advisory Opinion. She opined that there *was* sufficient evidence of MST/PTSD and that it partially contributed to the alleged misconduct.

24.     In rendering its decision, the BCNR recognized and referenced the Advisory Opinion but ultimately found that, contrary to the Advisory Opinion, none of Plaintiff's misconduct was due PTSD/MST or PTSD/MST-related symptoms.

25.     Therefore, the BCNR (1) failed to consider *any* evidence of Plaintiff's MST/PTSD; (2) failed to properly consider the Advisory Opinion's finding that there was sufficient indirect evidence of MST/PTSD and that Plaintiff's misconduct may have been partially mitigated by his experience with PTSD/MST; and (3) failed to correct a blatant injustice in which Plaintiff was essentially punished for being a victim of male-on-male sexual assault (and attempting to seek appropriate relief through the Chaplain). For all of these reasons, the BCNR's decision was arbitrary, capricious, and unsupported by evidence.

## COUNT III

### Violation of APA
### The BCNR's Denial of Plaintiff's Petition was Contrary to 10 U.S.C. § 1552(h)(2)(B).

26.     Plaintiff incorporates paragraphs 1-14 as fully stated herein.

27.     10 U.S.C. § 1552(h)(2) requires the BCNR to review a claim with "liberal consideration" where the former service member's claim is in whole or in part related to PTSD or MST.

28.     The BCNR's determination that, under the liberal consideration standard, none of Plaintiff's misconduct was due to PTSD/MST or PTSD/MST-related symptoms was contrary to the statute.

29.     The liberal consideration standard is set forth in two Department of Defense memorandums ("Hagel" and "Kurta" memos) regarding requests for modification due to mental health conditions, sexual assault, or sexual harassment.[1]

---

[1] The "Hagel Memo", initially published in 2014, set forth the liberal consideration standard. This memorandum was later clarified by the "Kurta Memo" in 2017. These memorandums set forth a new policy under which Boards for Correction of Military/Naval Records and the Discharge Review Boards are to give liberal consideration "to

30.     Pursuant to the Kurta Memorandum, the PTSD/MST need not fully mitigate the underlying misconduct. Partial misconduct is sufficient for an upgrade. Thus, the Advisory Opinion's finding that the onset of Plaintiff's PTSD likely occurred prior to the alleged misconduct, and may have contributed to the same misconduct, was sufficient evidence for the BCNR to have considered under the liberal consideration mandate. The Advisory Opinion's conclusion that this was "partially" mitigating was similarly sufficient.

31.     There was also sufficient evidence to establish a direct and sufficient nexus between Plaintiff's MST and discharge that should have been considered by the BCNR under the liberal consideration standard. Although Plaintiff's MST may not account for all alleged misconduct while he was in service, it does account for some of the bases upon which Plaintiff was involuntarily discharged. Following his male-on-male sexual assault and harassment, Plaintiff sought counseling through a Chaplain who then reported his communications to Plaintiff's command. Plaintiff was then forced to sign a document stating he was homosexual, and it was Plaintiff's alleged sexuality that formed the basis for involuntary separation with a less than honorable characterization of discharge. The misconduct (for which he was punished at Non-Judicial Punishment and Special Court-Martial were only added after the fact).

32.     The BCNR further noted a lack of evidence in Plaintiff's record corroborating that the assault occurred. This determination was also contrary to the statute. The Kurta Memo specifically states that Boards are not required to find that a crime of sexual assault occurred to grant liberal consideration.

veterans petitioning for discharge relief when the application for relief is based in whole or in part on matters relating to mental health conditions including PTSD; TBI; sexual assault; or sexual harassment."

33.    Although the BCNR claims that Plaintiff would not be entitled to relief under the liberal consideration standard, it is evident from the record that the BCNR did not actually provide liberal consideration in Plaintiff's case.

34.    For these reasons, the BCNR's decision was contrary to 10 U.S.C. § 1552(h)(2)(B).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) order Defendant NARA to conduct a search for any and all records responsive to Plaintiff's FOIA request;

(2) order Defendant NARA to produce, by a date certain, any and all non-exempt records pursuant to Plaintiff's FOIA requests;

(3) find the BCNR's decision to be arbitrary, capricious, unsupported by evidence, and contrary to law;

(4) remand Plaintiff's petition back to the BCNR for review and/or pursuant to the Court's findings;

(5) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E) and the Equal Access to Justice Act; and

(6) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 19, 2022

Respectfully submitted,

/s/ Carol A. Thompson
Carol A. Thompson
DC Bar No. 1658143
Federal Practice Group

1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
cthompson@fedpractice.com

*Counsel for Plaintiff*