UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,
       Plaintiff

v.

NATIONAL ARCHIVES AND RECORD
ADMINISTRATION, *et al.*,
       Defendants.

Civil Action No. 22-2829 (CKK)

**MEMORANDUM OPINION AND ORDER**
(November 15, 2022)

Plaintiff John Doe ("Plaintiff") moves to proceed under pseudonym in the instant action brought against Defendant National Archives and Record Administration ("NARA") under the Freedom of Information Act ("FOIA") and Administrative Procedure Act ("APA"). Pending before the Court is Plaintiff's [7] Renewed Motion and Incorporated Memorandum to Proceed Under Pseudonym. Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Plaintiff's [7] Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges that while he was serving as "an active-duty service member in the United States Navy" in the 1980s, Compl. ¶ 3, he "was the victim of male-on-male sexual assault and harassment" on more than one occasion, Mot. at 1. Plaintiff reported these sexual assaults to the Navy Chaplain, who allegedly construed this report as meaning that Plaintiff was "homosexual" and conveyed Plaintiff's report to "the command." Compl. ¶ 7. This "caused a

---

[1] The Court's Consideration has focused on the following documents: Plaintiff's Complaint, ECF No. 1 ("Compl."); and Plaintiff's Renewed Motion and Incorporated Memorandum to Proceed Under Pseudonym, ECF No. 7 ("Mot.").

1

breakdown in [his] trust in the command," which, along with his undiagnosed "Military Sexual Trauma Post-Traumatic Stress Disorder (MST/PTSD)," led Plaintiff to "enter[] a period of Unauthorized Absence." *Id.* ¶¶ 6–7.  Plaintiff's command "initiated involuntary separation" based, in part, on the report claiming "Plaintiff was homosexual/ engaged in homosexual acts"; Plaintiff was subsequently discharged under an "Other than Honorable" characterization. *Id.* ¶ 8.

### B. Procedural History

In June 2019, Plaintiff petitioned to upgrade his discharge from the Navy with the Board for Correction of Naval Records, arguing that "the circumstances surrounding his discharge—namely, the basis of homosexuality—was not only untrue, but that his behavior at the time stemmed from the MST/PTSD symptoms he was experiencing." *Id.* ¶ 10.  The Board denied the petition in 2021 due to "a lack of direct evidence of MST/PTSD." *Id.* ¶¶ 11–12.  In response, Plaintiff submitted a FOIA request to Defendant NARA for "all service medical records," including those from the hospital where Plaintiff sought treatment following the first assault. *Id.* ¶¶ 6, 13.

Defendant NARA received the FOIA request on or about May 6, 2021 but has yet to respond. *Id.* ¶ 13.  On September 9, 2022, after nearly one year and five months without a response, Plaintiff filed the instant suit, claiming Defendant NARA has "unlawfully withh[eld] records requested by Plaintiff in violation of 5 U.S.C. § 552(a)(3) [FOIA]." *Id.* ¶¶ 17–18.  Plaintiff also challenges the Navy's refusal to grant his reclassification petition under the APA. *Id.* ¶¶ 21–34.  On September 30, 2022, after the case was assigned to this Court, Plaintiff filed a [6] Motion to Proceed Under Pseudonym.  The Court denied Plaintiff's [6] motion without prejudice as Plaintiff's "argument rest[ed] on a conclusory recitation" of the legal standard.  Minute Order, Sept. 30, 2022.  Plaintiff then filed the [7] Renewed Motion and Incorporated

Memorandum to Proceed Under Pseudonym, asking the Court to grant the motion "[b]ecause the facts of [his] sexual assault and subsequent MST/PTSD are crucial to his claims."  Mot. at 2.

## II.   LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *id.* 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); *id.* 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sent'g Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access. *See, e.g.*, Fed. R. Civ. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); *id.* 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts may also permit a party to proceed anonymously in special circumstances. A party seeking to do so "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id*. Rather, the "balancing test is necessarily flexible and fact driven[,]" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion

4

to "grant the 'rare dispensation' of anonymity… the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'… tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (cleaned up) (quoting *James*, 6 F.3d at 238).

### III.   DISCUSSION

The Court finds that Plaintiff has met his burden of showing that his interest in anonymity outweighs the public's presumptive interest in knowing the details of judicial litigation.

As for the first factor, Plaintiff does not seek to proceed under pseudonym "merely to avoid… annoyance and criticism," but to "preserve privacy" and security in a matter that is "sensitive and highly personal in nature." Pl.'s Mot. at 3 (quoting *In re Sealed Case*, 931 F.3d at 97). Plaintiff's suit hinges on alleged sexual assaults while in the Navy that caused him to suffer "Military Sexual Trauma Post-Traumatic Stress Disorder (MST/PTSD)" and contributed to his "Other than Honorable" discharge. Compl. ¶¶ 6–8; *see also* Mot. at 3. Plaintiff now seeks, through FOIA requests, medical records related to his MST/PTSD treatment and the sexual assaults. Mot. at 3. The risk that such information would be placed on the public record and connected to Plaintiff justifies the use of a pseudonym in such a case involving sexual assault, which is by its "very nature highly sensitive, personal, and warrant protection from public disclosure." *Chang v. Republic of South Sudan*, 548 F. Supp. 3d 34, 38 (D.D.C. 2021) (BAH) (granting pseudonymity to five plaintiffs who were victims of rape or sexual assault). Therefore, the first factor weighs heavily in favor of granting Plaintiff's motion.

The second factor slightly suggests the Court should grant Plaintiff's motion. Plaintiff's Motion included a Declaration that "details how the disclosure of his identity places him at risk for subsequent mental harm." Mot. at 4. Specifically, Plaintiff states that "[v]ery few people in his life know about the sexual assault" and that he "has a genuine fear of the stigma of being a male-on-male sexual assault survivor" and subsequent "retraumatiz[ation]." Mot. at 4. "Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage… [is] anticipated if a party's identity is disclosed." *J.W. v. District of Columbia*, 318 F.R.D. 196, 200 (D.D.C. 2016) (RC). While Plaintiff has not provided evidence such as expert testimony regarding psychological repercussions or evidence of tangible violent threats, *see id.*, the Court nevertheless finds that Plaintiff's Declaration outlining fears of "retrauamatiz[ation]" tips the scales slightly toward granting Plaintiff's motion.

The third factor leans against granting Plaintiff's motion. Plaintiff "concedes that the third… factor weighs against him as he is an adult" and does not allege that the interests of minor children are at stake. Mot. at 4.

The fourth factor cuts slightly against or is neutral on granting Plaintiff's motion. "[T]here is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as Plaintiff does here. "This public interest is intensified when… the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward." *Id.* However, that is not the situation here; Plaintiff seeks to vindicate only his own rights regarding his discharge classification.

Finally, Defendants would suffer no "risk of unfairness" if Plaintiff's motion were granted. *In re Sealed Case*, 931 F.3d at 97. Allowing Plaintiff to proceed under pseudonym will

have no impact on any private rights, as Defendants are all government officers sued in their official capacity, *see* Compl. at 1, and Plaintiff has provided his identifying information in a sealed exhibit to his motion, *see* Ex. 1, ECF No. 2-1. Thus, allowing Plaintiff to proceed anonymously will not compromise Defendants' ability to defend this action.

Altogether, Plaintiff's significant and "legitimate interest in anonymity" at this early stage in the litigation is sufficient to overcome the "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97; *see also Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

### IV.   CONCLUSION & ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiff's Renewed Motion and Incorporated Memorandum to Proceed Under Pseudonym is **GRANTED** and the Plaintiff may proceed with the case using the pseudonym "John Doe;" it is further

**ORDERED** that the Plaintiff may redact any personal information that might lead to his identification; it is further

**ORDERED** that the Defendants are prohibited from publicly disclosing the Plaintiff's identity or any personal identifying information that could lead to the identification of the Plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

Date: November 15, 2022                                                    /s/

                                                                                       COLLEEN KOLLAR-KOTELLY
                                                                                       United States District Judge