**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

JOHN DOE,

        Plaintiff,

    v.

NATIONAL ARCHIVES AND RECORD
ADMINISTRATION, *et al.*

       Defendants.

Civil Action No. 22-2829 (CKK)

---

**SCHEDULING AND PROCEDURES ORDER**
(May 7, 2024)

In order to administer this civil action in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, it is, this 7th day of May, 2024, hereby

**ORDERED** that the parties are directed to comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**. *See, e.g.*, Fed. R. Civ. P. 16(f).

1. **COMMUNICATIONS WITH THE COURT.** The parties should endeavor to keep communications with Chambers to a minimum. *Ex parte* communications on matters other than scheduling are **strictly prohibited**; if the parties need to contact Chambers, it must be done **jointly** pursuant to a conference call arranged by the parties.

2. **MOTIONS FOR EXTENSIONS OF TIME.** The Court will not entertain or honor stipulations for extensions of time; parties must file a motion in accordance with the following instructions:

    (a) Motions for extensions of time **must be filed at least four (4) business days prior to the first affected deadline**.

    (b) Motions for extensions of time are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not expect the Court to grant extensions.

    (c) All motions for extensions of time **must include the following or they will not be considered**:

        (i)    The specific grounds for the extension;

        (ii)   The number of previous extensions, if any, granted to each party;

      (iii)     A statement of the impact that the requested extension would have on all other previously set deadlines;

      (iv)     A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and

      (v)     A statement of opposing counsel's position vis-à-vis the motion in accordance with Local Civil Rule 7(m).

3. **MOTIONS GENERALLY.** Parties must comply with the following instructions when briefing any motion:

      (a) Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and reply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

      (b) A party may not file a sur-reply without first requesting leave of the Court.

      (a) Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court **may treat the motion as conceded**, except with respect to motions for summary judgment. *See* Local Civil Rule 7(b); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505-08 (D.C. Cir. 2016) (citing, e.g., Fed. R. Civ. P. 56(e)(3)). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

      (d) **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

      (e) Each submission shall be accompanied by a table of cases and other authorities cited therein.

      (f) Every pleading or paper, regardless of whether it is submitted by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number. *See* Local Civil Rule 5.1(c).

4. **MOTIONS FOR SUMMARY JUDGMENT.** Parties must comply with the following instructions when briefing motions for summary judgment and the Court may strike papers not in conformity therewith:

      (a) In accordance with Local Civil Rule 7(h)(2), each motion for summary judgment, and opposition thereto, shall include a statement of facts with references to the administrative record. The parties must furnish **precise citations** to the portions of the administrative record on which they rely; the Court need not consider materials not specifically identified. Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

(b) Pursuant to Local Civil Rule 7(n), the parties shall provide the Court with a joint appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of, or in opposition to, a motion for summary judgment.

5. **MOTIONS FOR RECONSIDERATION.** Motions for reconsideration of prior rulings are strongly discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 54(b), Fed. R. Civ. P. 59(e), and/or Fed. R. Civ. P. 60(b) are met. If such a motion is filed, it **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995). Motions not in compliance with these instructions may be stricken.

6. **SETTLEMENT.** The parties are expected to evaluate their respective cases for purposes of settlement. The Court encourages the use of alternative dispute resolution—*e.g.*, mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If counsel are interested in pursuing these options, they may contact Chambers at any time. If the case settles in whole or in part, counsel shall **promptly** advise the Court.

7. **APPEARANCES AT HEARINGS.** Principal trial counsel must appear at all hearings unless excused by the Court in advance.

It is **FURTHER ORDERED** that the parties shall adhere to the following schedule, modified from the parties' proposed schedule to comply with District Court Local Civil Rule 7(n):

(a) The Defendants shall certify the Administrative Record, transmit the Administrative Record to the Plaintiffs, and file a certified list of the contents of the Administrative Record with the Court on or before **June 3, 2024**.

(b) The Plaintiffs shall file their Motion for Summary Judgment on or before **August 5, 2024**.

(c) The Defendants shall file their opposition to the Plaintiff's Motion for Summary Judgment and their cross-motion by no later than **October 7, 2024**.

(d) The Plaintiffs shall file their reply in support of their motion for summary judgment and oppositions to any cross-motion on or before **November 7, 2024**.

(e) The Defendants shall file their reply in support of any cross-motion on or before **December 9, 2024**.

(f) Counsel shall provide the Court with a Joint Appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to the cross-motions for summary judgment. *See* Local Civil Rule 7(n). Counsel shall file the Joint Appendix on or before **December 23, 2024**.

The dates identified above are firm; the Court has endeavored to give the parties the schedule that they have requested and expects that they will adhere to that schedule.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge